IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

NINTAI CLORISE JAINEKE, A# 246-909-539                    PETITIONER

V.                                          CIVIL NO. 5:26-cv-398-DCB-RPM

WARDEN RAFAEL VERGARA                                     RESPONDENT

ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte.   After consideration of the record in this case and relevant legal authority, the Court finds that this civil action should be dismissed.

I.      Background

On April 28, 2026, pro se Petitioner Nintai Clorise Jaineke ("Petitioner") filed a Petition [1] seeking a Writ of Habeas Corpus under 28 U.S.C. § 2241.   Petitioner is challenging his immigration detention at the Adams County Correctional Center in Natchez, Mississippi.   On the same day Petitioner filed this case, the Clerk of Court sent Petitioner a Notice of Assignment [1-4] informing Petitioner of his obligation to notify the Court of any changes to his address and explaining in detail how to do so.   The Notice [1-4] and a subsequent Court Order [5] also warned Petitioner that a failure to comply with any Order of the Court or a failure to notify the Court of a change of address may result in the dismissal of this case.   The Court mailed a copy of the Notice of Assignment and the Court's prior Order [5], to Petitioner at his address of record.   Both were returned by the postal service as undeliverable.   *See* Ret. Mail [6],[4].   The envelope containing the Notice of Assignment was stamped "Return to Sender" with a check mark next to the word "Released."   Ret. Mail [4] at 1.

Since it appeared that Petitioner had not kept the Court informed of his current

address— as required to litigate this case—the Court entered an Order to Show Cause [7]. This Order directed Petitioner to show cause why this case should not be dismissed for his failure to prosecute and failure to comply with the Court's prior Order regarding his current address.   The Order to Show Cause [7] directed Petitioner to comply on or before June 29, 2026, and warned Petitioner that his failure to timely comply or his failure to keep this Court informed of his current address will result in the dismissal of this case without further notice. Petitioner did not respond.

Since Petitioner is proceeding pro se, the Court provided him with one final opportunity to comply with the Court's Orders prior to dismissal of this case.   On July 6, the Court entered a Final Order to Show Cause [8] directing Petitioner to comply on or before July 16, 2026.   The Final Order to Show Cause contained the same warnings as the previous Orders.

On July 14, 2026, the postal service returned the envelope containing a copy of the first Show Cause Order [7] as undeliverable.   Ret. Mail [9].   The envelope contained a Return to Sender stamp with a check mark next to the word "Released."   *Id*. at 1.   Petitioner has not complied with two Show Cause Orders [7],[8] or otherwise contacted the Court.

II.    Discussion

The Court has the authority to dismiss an action for a petitioner's failure to prosecute or to obey a Court order under Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to dismiss the action sua sponte.   *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir.

2

2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders.").    The Court's authority to dismiss an action for failure to prosecute extends to habeas corpus petitions.    *See Martinez v. Johnson,* 104 F.3d 769, 772–73 (5th Cir. 1997) (affirming sua sponte dismissal of pro se habeas petition for failure to prosecute under Fed. R. Civ. P. 41(b), noting "where there are procedural gaps in the habeas rules, the district courts have broad discretion to apply the Federal Rules of Civil Procedure").

The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases."    *Link*, 370 U.S. at 630–31.    Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."    *Id.* at 629–30.

To date, Petitioner has not complied with multiple court orders, and he has not contacted the Court to inquire about the status of this case.    Petitioner has also not informed the Court of his current address.    The Court repeatedly warned Petitioner that failure to comply with a court order or failure to advise the Court of his current address would result in dismissal without further notice.    *See Bohannan v. Redic,* No. 20-40860, 2023 WL 2346335, at *1 (5th Cir. Mar. 3, 2023) (finding district court's two explicit warnings to pro se prisoner that noncompliance may result in dismissal was adequate use of lesser sanctions for a failure to prosecute dismissal).    The Court's repeated warnings did not "prompt diligent prosecution," instead such efforts "proved to be futile."    *Vafaiyan v. Target*, 251 F.

3

App'x 862, 863 (5th Cir. 2007) (citing *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).   Additionally, there is nothing in the record to suggest that further warnings will be effective.   It is apparent that Petitioner no longer wishes to pursue this habeas case. Dismissal without prejudice is warranted.

III.    Conclusion

IT IS, THEREFORE, ORDERED AND ADJUDGED that this civil action is dismissed without prejudice for failure to obey the Court's Orders and to prosecute.   A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED, this the <u>30</u> day of July, 2026.

<u>/s/ David C. Bramlette</u>
UNITED STATES DISTRICT JUDGE

4